## In re STONE.
### Patent Appeal No. 2965.

Court of Customs and Patent Appeals.
April 4, 1932.

Thomas Howe, of New York City (Robert Watson, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office, affirming that of the Examiner denying patentability, in view of the prior art, of all of the claims of appellant's application which are numbered 1, 2, 5, 6, 8, 9, 10, and 12, of which claim 9 is illustrative and follows:

"9. The combination with a casing of a rotatable shaft extending therein, a clutch member slidable on said shaft and rotatable therewith, means for moving said clutch member along said shaft, said clutch member and said means being relatively rotatable and having a bearing between them, a conduit in the bottom of said means for admitting lubricant to said bearing, a flexible tube, a swivel coupling connecting one end of said tube with said conduit and depending downwardly therefrom, a second conduit in said casing and extending from the exterior to the interior thereof, and a coupling connecting the end of said tube with the last mentioned conduit, the tube depending downwardly therefrom and having the form of a loop between said conduits, the swivelling axis of said swivel coupling being coincident with the axis of said flexible tube."

The references relied upon for rejection are: Winkley, 1,201,414, October 17, 1916; Bristow, 1,526,048, February 10, 1925; Skelley, 1,580,863, April 13, 1926.

The claimed invention relates to clutch lubrication, particularly to means for lubricating the clutch collar and throw-out bearing in the clutch of an automobile and other articles, and involves conducting the lubricant through a flexible tube which takes the form of a loop. The loop eliminates tension on the tube brought about by the movement of the part to be lubricated. The tube has certain connections, including a swivel connection which is described in the above-quoted claim.

We have given very careful consideration to the references, and have noted all the contentions of appellant in connection therewith. We can see no useful purpose in discussing in detail the operation of the various parts of the references, since we agree, not only with the result arrived at by the Board of Appeals, but agree also with the reasons assigned for arriving at such result.

The decision of the Board of Appeals is affirmed.

Affirmed.